IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT R. MACKAY,

      Plaintiff,                            No. CIV S-05-1750 WBS DAD P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.              ORDER

/

        Plaintiff is a state prisoner confined at California Medical Facility in the custody and care of the California Department of Corrections and the California Department of Mental Health. In an incomplete and unsigned document titled "Petition for Public Safety and/or Appointment of Counsel," plaintiff requests that Judge William B. Shubb appoint counsel for him or otherwise facilitate his permanent placement in a mental health facility after his release from prison in 2006. Plaintiff was previously a defendant in a criminal case assigned to Judge Shubb. See No. CR S-95-0525 WBS (E.D. Cal. 1995). Plaintiff's filing was initially docketed in the closed criminal case. At the direction of Judge Shubb, this civil rights action has been opened. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

/////

1    Plaintiff is informed that a prisoner who wishes to proceed with a civil rights
2 action in federal court must pay a $250.00 filing fee or obtain leave to proceed without prepaying
3 the fee.  A prisoner who is granted leave to proceed without prepaying the fee is required to pay
4 the $250.00 filing fee in installments when there are funds in the prisoner's inmate trust account.
5 The institution in which the prisoner is confined will be ordered to remove money from the
6 plaintiff's inmate trust account when funds are available and forward the money to the court until
7 the full amount of the filing fee has been paid.  See 28 U.S.C. §§ 1914 and 1915.  Plaintiff will
8 be provided with an in forma pauperis application form so that he may complete and file the form
9 if he wishes to proceed with this action and cannot prepay the filing fee.

10   Plaintiff is further informed that a prisoner who wishes to proceed with a civil
11 rights action must submit a complaint that identifies proper defendants, states federal causes of
12 action, and contains a prayer for relief that can be granted by a federal court.  The complaint must
13 be signed.  Plaintiff will be provided with a § 1983 complaint form which may assist him in
14 preparing a proper pleading, if he wishes to proceed with this civil rights action.

15   Plaintiff is advised that federal courts are required to screen all complaints
16 brought by a prisoner seeking relief against a governmental entity or an officer or employee of a
17 governmental entity.  28 U.S.C. § 1915A(a).  If plaintiff files a civil rights complaint in this
18 action, the court must screen the complaint and dismiss any claims that are legally "frivolous or
19 malicious," that fail to state a claim upon which relief may be granted, or that seek monetary
20 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is
21 legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams,
22 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A
23 complaint fails to state a claim upon which relief may be granted if it appears beyond doubt that
24 plaintiff can prove no set of facts in support of the claim that would entitle him to relief in federal
25 court.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log
26 Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Plaintiff is also advised that the court will be required to dismiss his complaint if the pleading fails to allege facts that link the actions of the defendants to the deprivation of civil rights alleged by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, if a named defendant holds a supervisorial position, the link between the supervisory defendant and the claimed civil rights violation must be specifically alleged.  Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations will not suffice.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff will be granted thirty days to pay the filing fee or file an application to proceed in forma pauperis.  Plaintiff will also be granted thirty days to file a civil rights complaint.  If plaintiff does not wish to proceed with this action, he may request voluntary dismissal.  If plaintiff fails to respond to this order as directed, the undersigned will recommend that the action be dismissed without prejudice.  See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's petition for appointment of counsel or court assistance is denied;

2. Plaintiff is granted thirty days from the date of this order to pay the required filing fee of $250.00 or submit a properly completed application to proceed in forma pauperis on the form provided by the court; plaintiff's failure to pay the filing fee or submit a properly completed in forma pauperis application in compliance with this order will result in a recommendation that thus action be dismissed without prejudice;

3. Plaintiff is granted thirty days from the date of this order to file a civil rights complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the case number assigned to this case; plaintiff's failure to file a complaint in compliance with this order will result in a recommendation that this action be dismissed without prejudice; and

4. The Clerk of the Court is directed to send plaintiff the form to be used by a prisoner filing a civil rights action, along with the appropriate form application to proceed in forma pauperis by a prisoner.

DATED: November 7, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mack1750.noc